## City of Chicago, Defendant in Error, v. Washington Porter, Plaintiff in Error.

### Gen. No. 20,705.        (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

### Statement of the Case.

Prosecution by the City of Chicago against Washington Porter, charging defendant with permitting property owned by him, known as the Medina Hotel, in the City of Chicago, to be used as a house of ill-fame or assignation within the limits of the City of Chicago, in violation of section 2017 of the Chicago Code of 1911. To reverse a judgment of conviction, defendant prosecutes this writ of error.

Defendant had been the owner of the property for twenty-five years, and at the time when it was alleged to have been maintained in violation of the ordinance it was occupied by persons named Karr and Stites, under lease from defendant.

At the trial it appeared that one Smith had been previously convicted, as proprietor of the hotel, of "keeping a disorderly house for the encouragement of drinking and fornication," and there was evidence tending to show that certain portions of the building had been used as a house of ill-fame or assignation, and for the practice of fornication and prostitution.

The complaining witness in the case was the pastor of a church in Chicago, and the evidence tends to show that he was active in trying to suppress vice.

On motion of defendant the court struck out the testimony of a witness to a conversation with defendant, in which defendant said he had over four hundred ten-

ants, and paid $60,000 taxes, and that it was about all one man could do just to keep general track of those things.

In his closing argument the prosecuting attorney said:

"The only purpose of the defense in this case has been to assassinate the character of a high minded preacher who is engaged in doing a great work, to make this earth the same kind of a place we want it to be in heaven; and they do that in order to save themselves the humility of being fined by this jury, so that it cannot be said that he is not a respectable man. He parades around in his riches as a great man, as a man of honor, a respectable citizen, and he makes his money how?   *   *   *   I will tell you how he gets a part of it, and whether he gets it directly or indirectly has absolutely nothing to do with this case.   *   *   *   We have not investigated yet; we have not got complaints from other parts of town. In other parts of town the preachers are not as aggressive unfortunately. If they were, we would find out some more about this man, and we would know where he gets some of his money. *   *   *   He gets it out of those prostitutes up there in that hotel who are compelled to sell their souls and their bodies in order to put gold into his coffers."

These remarks were duly objected to, but the objection was overruled and the remarks and ruling were excepted to, whereupon the attorney made further remarks of the same nature.

CHILDS & CHILDS, for plaintiff in error.

JOHN W. BECKWITH, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1514*—*when argument of counsel ground for reversal.* In a prosecution wherein defendant was charged with

permitting his property to be used as a house of ill-fame or assignation, in violation of an ordinance, where it appeared that the property in question was occupied by lessees of defendant, *held* reversible error to overrule defendant's objection to language of the prosecuting attorney in his closing argument to the jury, representing defendant as a rich man who received the profits of vice, while pretending to be respectable, and who in order to prevent conviction and to preserve his respectability made a defense which cast discredit on a preacher who was doing a great work, it appearing that the court did not rebuke counsel for his language.

---

## Harry S. Mecartney, Appellee, v. City of Chicago, Appellant.

### Gen. No. 20,711.

1. MUNICIPAL CORPORATIONS, § 455*—*when action ex delicto not maintainable for failure to pay condemnation judgment.* An action in tort cannot be maintained by the defendants in a condemnation judgment against a city upon such judgment, upon the theory that the negligence of the city in failing to take steps to collect and pay the amount of the condemnation judgments, created a cause of action in their favor independent of such judgments, where the defendants in such condemnation suit relinquished possession of the property, under agreement with the city, prior to the termination of such suit, and the ordinance under which the improvement was made provided for payment by means of special assessments and general taxation.

2. MANDAMUS, § 76*—*when proper remedy to compel payment of condemnation judgment.* Where a city fails to exercise due diligence to levy and collect taxes and assessments for the payment of judgments rendered in condemnation proceedings instituted under an ordinance authorizing an improvement, which provided for payment by means of special assessments and general taxation, the remedy of the holders of such judgments is by mandamus to compel the performance of the city's duty in that respect.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.